P. ANDREW MCSTAY, JR., OSB # 033997
andymcstay@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Attorneys for Plaintiff
Dominguez Family Enterprises, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DOMINGUEZ FAMILY ENTERPRISES, INC., an Oregon corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JUANITA'S FOODS, a California corporation,<br><br>Defendant. | Case No. 3:22-cv-01691<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Dominguez Family Enterprises, Inc. ("**DFE**" or the "**Company**"), by and through its undersigned counsel, for its Complaint for Declaratory Judgment (the "**Complaint**") against Defendant Juanita's Foods ("**Defendant**," together with DFE, the "**Parties**") alleges as follows:

## I.  INTRODUCTION

1. Pursuant to the Declaratory Judgment Act ("**DJA**"), 28 U.S.C. § 2201 *et seq.*, Plaintiff DFE files this above-styled action (the "**DJA Action**") for declaratory judgment of non-breach of contract and non-violation of the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*

Page 1 – COMPLAINT FOR DECLARATORY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

2.     DFE is a family-owned manufacturer and seller of salty snacks and other food offerings (collectively, the "**DFE Offerings**") and is historically renowned for its tortilla chips, which customers prize for their balance of salt and oil, and for their savory snap.

3.     DFE's story began with the dream of its family matriarch, Mrs. Juana "Juanita" Dominguez, who aspired to build a family business capable of sharing her love of tortillas with others. She and her husband, Mr. Antonio Dominguez, finally realized this dream in 1977, when they co-founded DFE through hard work and careful planning. For decades, DFE has provided DFE Offerings under its JUANITA'S-formative designations (collectively, the "**Original Designations**"), thereby affectionately celebrating Mrs. Dominguez through use of her name's diminutive form. However, DFE has an imminent and impending plan to re-brand and honor both of its co-founders by providing DFE Offerings under designations based on a portmanteau of "Juanita" and "Antonio": JUANTONIO'S (collectively, the "**Re-Brand Designations**").

4.     Defendant purports to use JUANITA'S-formative designations (collectively, the "**Def. Designations**") in connection with certain Mexican specialty foods (*e.g.*, canned tripe stew), (collectively, the "**Def. Offerings**"). In an overreaching attempt to disrupt DFE's business and monopolize a popular diminutive form of an already common personal name—and in contravention of the facts and its own representations—Defendant is currently threatening DFE with legal proceedings in connection with the Re-Brand Designations, arguing that these designations: (a) breach the Parties' Trademark and Trade Name Consent Agreement (the "**Consent Agreement**"), which concerns their respective uses of JUANITA'S-formative trademarks and trade names (collectively, the "**Juanita's Designations**"); and (b) violate Defendant's purported rights in the Def. Designations under the Lanham Act. Attached to this Complaint as **Exhibit A** is a true and correct copy of the Consent Agreement.

Page 2 – COMPLAINT FOR DECLARATORY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

5.      An actual case or controversy has arisen between the Parties. Defendant: (a) asserts that the Re-Brand Designations breach the Consent Agreement and violate the Lanham Act; and (b) has, *inter alia*, specifically threatened in written communications to initiate legal proceedings against DFE regarding its Re-Brand Designations. DFE thus reasonably apprehends that it may be subject to liability and/or suffer significant injury if it continues to implement the Company's imminent and impending plan to use these Re-Brand Designations (the "**Re-Brand Plan**").

6.      Defendant's unfounded and relentlessly pugilistic threats of contract and trademark litigation thus compel DFE to bring this DJA Action. When considering, *inter alia*, that the Parties have co-existed for years without issue when both used Juanita's Designations, it stands to reason that the Parties can continue to co-exist in a world where DFE has *moved away* from using Juanita's Designations in favor of its Re-Brand Designations. DFE therefore seeks declaratory relief to confirm its unfettered right to use these Re-Brand Designations.

## II.      PARTIES

7.      Plaintiff Dominguez Family Enterprises, Inc. is an Oregon corporation with its principal place of business in Hood River, Oregon.

8.      Defendant Juanita's Fine Foods is a California corporation with its principal place of business in Los Angeles County, California.

## III.      JURISDICTION AND VENUE

**A.      The Court Has Subject Matter Jurisdiction.**

9.      This Court has subject matter jurisdiction over this DJA Action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), & 1367. The Parties dispute, in regard to the Re-Brand Designations, their respective rights and/or duties under the Consent Agreement and Lanham Act. This DJA Action therefore asserts two claims that are part of the same case or controversy: (a) for

Page 3 – COMPLAINT FOR DECLARATORY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

a declaratory judgment of non-breach of the Consent Agreement (the "**Contract Claim**"); and (b) for a declaratory judgment of non-violation of the Lanham Act (the "**Lanham Act Claim**").

**B.     The Court Has Personal Jurisdiction.**

10.     This Court has personal jurisdiction over the Defendant because, as set forth below: (a) Defendant purposefully availed itself of the privilege of conducting business in Oregon; (b) the Contract and Lanham Act Claims (collectively, the "**Claims-at-Issue**") arise from these aforesaid activities in Oregon and (c) the exercise of personal jurisdiction in this DJA Action is reasonable given, *inter alia*, the Parties' course of dealings and Defendant's actions.

11.     Defendant reached into Oregon to negotiate the Consent Agreement with DFE, whose headquarters and key persons were, and continue to be, located in Oregon. In the process of negotiating the Consent Agreement, Defendant sent—over a four-year period—correspondence and/or other communications to DFE in Oregon on multiple occasions.

12.     Furthermore, the Consent Agreement contemplated future communications, cooperation, and duties between the Parties that concern Oregon. Illustratively, the Consent Agreement requires, *inter alia*, that: (a) Defendant refrain from using its trademark rights to interfere with DFE's use of the Original Designations in Oregon; (b) DFE to consent to Defendant's use of Def. Designations in Oregon; (c) the Parties to cooperate and consult in connection with avoiding consumer confusion, including in Oregon; and (d) Defendant to refrain from adopting a designation that is confusingly similar to DFE's design logo.

13.     In view of the foregoing, it was reasonably foreseeable that Defendant could be required to defend itself in Oregon where, as here, a lawsuit arises out of the Consent Agreement. Nor would Defendant—who has represented that its operations are national in scope— be greatly burdened by having to litigate in Oregon. Additionally, Oregon has a strong interest in adjudicating

Page 4 – COMPLAINT FOR DECLARATORY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

claims brought by Oregon residents, such as DFE. Furthermore, the injuries that DFE reasonably apprehends would be felt in Oregon, where DFE has its principal place of business.

**C.    Venue Is Proper.**

14.    Venue is proper in this District under 28 U.S.C. § 1391(b). Defendant is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Thus, the propriety of personal jurisdiction (§ I.B, *supra*) necessarily establishes the propriety of venue in this District. Also, as set forth herein, a substantial part of the events or omissions giving rise to DFE's Claims-at-Issue occurred in this District.

## IV.    FACTS COMMON TO ALL CLAIMS-AT-ISSUE

**A.    THE PARTIES NEGOTIATE THE CONSENT AGREEMENT.**

15.    DFE began operating a tortilla factory in 1977 and shortly thereafter began manufacturing and selling products, including tortilla chips, using its Juanita's Designations (*i.e.*, the Original Designations). *See* Ex. A (Consent Agreement) at 2. DFE adopted these Original Designations with neither actual nor constructive notice of Def. Designations. *Ibid.*

16.    In 1988, Defendant sent DFE a letter alleging the Original Designations infringed the Def. Designations. The Parties' thereafter began to negotiate the Consent Agreement through communications (including letter correspondence) between Defendant's counsel in California and DFE's then-counsel in Oregon. *See generally* Ex. A (Consent Agreement). Years later, on January 1, 1992, the Parties entered into the Consent Agreement.

**B.    The Consent Agreement Memorializes Why Confusion Is Unlikely.**

17.    The Consent Agreement memorializes why confusion is unlikely even where the Parties may provide "overlap[ping]" offerings in the same geographic areas. *See* Ex. A at 2; *id.* ¶ 11; *Croton Watch Co. v. Laughlin*, 208 F.2d 93, 96 (2d Cir. 1953) (A consent agreement is "an

Page 5 – COMPLAINT FOR DECLARATORY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

admission that there would be no confusion" even if it does "not expressly so state."); *Richdel, Inc. v. Mathews Company*, 190 U.S.P.Q. 37, 42 (T.T.A.B. 1976) (A "consent to use is . . . an admission that" a "party's use of [its] mark . . . is not likely to cause confusion").

18.   Notwithstanding any overlap, the Consent Agreement acknowledges that the Parties "offer distinctly different food products under" their respective JUANITA'S-formative "mark[s] and tradename[s]" and "utilize disparate advertising channels." Ex. A at 3.

19.   The Consent Agreement also memorializes, *inter alia*, that: (a) DFE adopted its Original Designations without knowledge of the Def. Designations; (b) neither Party knew of any actual confusion even though they had been concurrently using their respective Juanita's Designations for approximately 15 years. *See* Ex. A at 2–3.

20.   In addition to the foregoing, the Consent Agreement recognizes that Defendant does not use any mark that is confusingly similar to a design-logo Original Mark of DFE's (the "**Original Design Mark**"). *See* Ex. A ¶¶ 3, 11. Set forth in Figures 1 and 2, *infra* are, respectively: (a) an example of a design-logo Def. Mark; and (b) DFE's Original Design Mark.

FIGURE 1: EXAMPLE OF DEF. MARK (BELOW)



FIGURE 2: DFE'S ORIGINAL DESIGN MARK (BELOW)



DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

21. Under the Consent Agreement, Defendant consented to DFE's use of "Juanita's" in connection with "Mexican bakery and snack food products" sold in "**Pacific Northwest States**," which was defined to include Alaska, Idaho, Wyoming, Nevada, Montana, Oregon, and Washington. *See* Ex. A at 4–5. The Consent Agreement also provided that the Parties' businesses would overlap in terms of offerings and territory. *See id.* at 2; *id.* ¶¶ 3, 11.

C. **The Consent Agreement Discusses Products, Geography, and Registration.**

22. The Consent Agreement defines: (a) "Juanita's Mark" as "the trademark JUANITA'S and any confusingly similar variants of the mark JUANITA'S"; and (b) Juanita's tradename" as "any trademark incorporating the word JUANITA'S in whole or in part, and any confusingly similar variant, including but not limited to 'Juanita's Foods' or 'Juanita's Fine Foods.'" Ex. A at 4. The Consent Agreement discusses, *inter alia*, these Juanita's Designations in connection with products offered, geographic areas of operation, trademark registration.

23. The Consent Agreement's Recitals contain the following language:

[DFE] operat[es] under the trade [*sic*] Juanita's Fine Foods has been in the business of manufacturing and selling a variety of Mexican bakery and snack food products, including but not limited to corn and flour tortillas, sweet bread (pan dulce), sour dough, Mexican pastries, nacho corn and potato chips, fried pork rinds, and tortilla and taco shells under the trademark JUANITA'S (hereinafter '**Mexican bakery and snack food products**')

[. . .]

"[DFE] . . . represents that it will never use the JUANITA'S mark or tradename on any meat, (other than fried port [*sic*] rind snacks), vegetable and sauce products"

(collectively, the "**Products Recitals**"). Ex. A at 2–3.

24. The Consent Agreement further states that DFE: (a) "shall not attempt to proffer or sell any food product, under the JUANITA'S Mark or Tradename in any geographic area of the United states except in the geographic area defined as the Pacific Northwest States;" (Ex. A ¶ 2)

Page 7 – COMPLAINT FOR DECLARATORY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

and (b) "shall not intentionally disseminate print advertising, offer for sale (directly or by mail order or catalog sales) or sell any food product under the JUANITA'S Mark and/or Tradename in any geographic area of the United States outside the Pacific Northwest States" (*id.* ¶ 4) (collectively, the "**Geographic Clauses**").

25. The Consent Agreement also states that DFE "shall not file for or solicit a federal registration for the JUANITA'S Mark in the United States Patent and Trademark Office [("**USPTO**")]" (the "**Registration Clause**").

## D. DEFENDANT ALLEGES BREACH OF THE CONSENT AGREEMENT AND INFRINGEMENT OF DEF. DESIGNATIONS.

26. Despite Defendant's years-long actual and constructive notice of DFE's activities, as well as the lack of any credible evidence of actual confusion for almost 45 years, Defendant filed suit against DFE on August 25, 2022, alleging that DFE had breached the Consent Agreement and violated Defendant's rights under Lanham Act. *See Juanita's Foods v. Dominguez Family Enterprises, Inc.*, Case No. 2:22-cv-06049-PA-PLAx (the "**C.D. Cal. Action**"), ECF No. 1 (C.D. Cal.) (complaint in the C.D. Cal. Action alleging breach of contract, trademark infringement, trademark dilution, and unfair competition and false designation of origin); C.D. Cal. Action, ECF No. 22 (DFE's answer to the complaint) at 8–10 (asserting affirmative defenses such as laches, estoppel by acquiescence, and implied waiver because even though Defendant knew of DFE's purported wrongdoing for over a decade, Defendant did nothing).

27. Defendant alleged that DFE breached: (a) a duty imposed by the Products Recital by planning to provide, under its Original Designations, goods other than "Mexican bakery and snack food products," as defined in the Consent Agreement; (b) the Geographic Clauses by providing goods under its Original Designations outside the Pacific Northwest States (the

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

"**Disputed Area**"); and (c) the Registration Clause by filing an intent-to-use ("**ITU**") registration under 15 U.S.C. 1051(b) for an Original Designation. C.D. Cal. Action, ECF No. 1 ¶¶ 59-64.

28. Defendant also alleged that the foregoing alleged wrongdoing infringed and diluted its JUANITA'S-formative trademarks as well as violated the Lanham Act's prohibitions on unfair competition and false designation of origin. C.D. Cal. Action, ECF No. 1 ¶¶ 65-79.

29. On September 6, 2022, Defendant filed a Motion for Preliminary Injunction (the "**PI Motion**") asking, *inter alia*, to enjoin DFE, so as to bar DFE from: (a) expanding its product lines outside of Mexican bakery and snack food products; (b) using Original Designations to sell and/or offer to sell products in the Disputed Area; and (c) registering Original Designations. *See* C.D. Cal. Action, ECF No. 17 (PI Motion). In Opposition, DFE argued, *inter alia*, that Def. Designations were weak due to widespread third-party use of "Juanita" and similar names, such as "Dona Juana," "Juana's," and "Juanina's." *See* C.D. Cal. Action, ECF No. 17 (Opposition) at 1; C.D. Cal. Action, ECF No. 24-5 ¶¶ 2–12. In Reply, Defendant argued that DFE's crowded-field argument failed, in part, because the similar trademarks such as "Dona Juana," "Juana's," and "Juanina's" were "different marks altogether." C.D. Cal. Action, ECF No. 25 (Reply) at 7.

30. On October 17, 2022, the PI Motion was only partially granted in view of Defendant's overreaching requests and the resulting order (the "**PI Order**") enjoined DFE from "attempting to proffer or sell any food product, under the JUANITA'S Mark of [sic] Tradename in" the Disputed Area and from taking further steps in prosecuting a registration for an Original Designation. C.D. Cal. Action, ECF No. 28 (PI Order) at 17.

Page 9 – COMPLAINT FOR DECLARATORY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**E.    DFE MAKES IMPENDING AND IMMINENT PLANS TO USE THE RE-BRAND DESIGNATIONS AND APPLIES FOR A TRADEMARK APPLICATION.**

31.    After the issuance of the preliminary injunction against the Original Designation, DFE made a decision to continue honoring both of their parents on its packaging and began making impending and imminent plans to use the Re-Brand Designations.

32.    On October 21, 2022, DFE filed an ITU application (the "**Re-Brand ITU**") for "JUANTONIO'S "in class 30 for "corn chips" and "tortilla chips." Attached as **Exhibit B** is a true and correct copy of this Re-Brand ITU. Information regarding the Re-Brand ITU is set forth in Table 1, *infra*. In addition, DFE purchased packaging for DFE Offerings bearing its Re-Brand Designations and, as of the filing date of this Complaint, is in the process of packaging products that are scheduled for distribution in the Disputed Area by November 4, 2022. DFE also informed its customers of the Re-Brand Designations and plans relating thereto.

| TABLE 1 | | |
|---|---|---|
| **MARK** | **SERIAL NO.** | **CLASS: GOODS** |
| JUANTONIO'S | 97643118 | 30:Corn Chips; Tortilla Chips |

**F.    DEFENDANT HAS REGISTRATIONS AND APPLICATIONS FOR DEF. DESIGNATIONS.**

33.    As set forth in Table 2, *infra*, U.S. Patent and Trademark Office ("**USPTO**") records identify Defendant as the registrant and/or application of various Def. Designations:

Page 10 – COMPLAINT FOR DECLARATORY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

| TABLE 2 | | |
|---|---|---|
| **Mark** | **Reg. No.** | **Class: Goods** |
| Juanita's | 1,268,693 | 29: Menudo (beef tripe and hominy stew) |
| | 3,707,436 | 30: Cheese sauce |
| JUANITA'S | 1,297,863 | 29: Mexican entrees- namely, beef tripe and hominy stew |
| | 1,554,914 | 29: Food stuffs, namely soups |
| Juanita's FOODS | 1,563,570 | 29: Food stuffs, namely soups |
| JUANITA'S MEXICAN GOURMET | 5,810,203 | 30: Nacho cheese sauces |

Page 11 – COMPLAINT FOR DECLARATORY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## G. DEFENDANT THREATENS LEGAL PROCEEDINGS, ALLEGING BREACH OF THE CONSENT AGREEMENT AND VIOLATIONS OF THE LANHAM ACT.

34. On October 28, 2022, Defendant sent DFE an email (the "**October 28, 2022 Email**")[1] alleging that JUANTONIO'S was "unacceptable because it is confusingly similar to 'Juanita's' in violation of the Consent Agreement and trademark law." *See* Ex. C. Defendant also informed DFE that it "[would] be filing another PI motion to enjoin [DFE] from using the 'Juantonio's' name and/or seeking to modify the current injunction seeking the same relief" if DFE did not agree to rebrand its products under a different name and with Defendant's input. *Ibid.*

35. DFE responded to Defendant's threats on October 28, 2022 arguing that the mark JUANTONIO'S gives a different commercial impression than "Juanita's" and reminding Defendant that its "Juanita's" mark is weak due to third-party use of Juanita's and similar marks. *Id.* DFE also noted that a third-party trademark application for "Juanito's" in class 29 for "fruit juices for cooking; organic dehydrated fruit snack; [and] potato chips" received a notice of allowance on October 25, 2022. Notably, neither Defendant nor any other entity opposed this "Juanito's" application. Finally, DFE reminded Defendant of its previous argument in support of its PI Motion that even closer marks, such as "Dona Juana," "Juana's," and "Juanina's" were "different marks altogether" than Defendant's "Juanita's" marks. *Id.*

36. On October 31, 2022, Defendant sent DFE a letter (the "**October 31, 2022 Letter**")[2] accusing DFE of "blatant trademark infringement," and more specifically alleged that the Re-Brand Designations are confusingly similar to the Def. Designations, in part, because the "marks include traditionally Spanish names" and "are perceived similarly by the eye and ear

---

[1] Attached as **Exhibit C** is a true and correct copy of this October 28, 2022 Email.

[2] Attached as **Exhibit D** is a true and correct copy of this October 31, 2022 Letter.

Page 12 – COMPLAINT FOR DECLARATORY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

because they start" with the name "Juan." Ex. D. The October 31, 2022 Letter also reiterated Defendant's intent to "file another preliminary injunction motion and/or seek relief that DFE is in violation of the existing preliminary injunction order." *Id.*

## H.    AN ACTUAL CONTROVERSY EXISTS BETWEEN THE PARTIES.

37.    There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

38.    Defendants allege in the C.D. Cal. Action, that DFE's activities in connection with the Original Designations (*i.e.*, the JUANITA'S-formative designations): (a) breach the Products Recitals, Geographic Clauses, and/or Registration Clause of the Consent Agreement (collectively, the "**Disputed Contract Provisions**"); and (b) violate, vis-à-vis Def. Designations, the Lanham Act's prohibitions on trademark infringement, trademark dilution, unfair competition, and false designation of origin (collectively, the "**Disputed Lanham Act Provisions**").

39.    Defendants have already contacted DFE's clientele regarding the PI Order and Defendants' allegations in the C.D. Cal. Action. As a result, some DFE customers have removed DFE Offerings from their shelves entirely, thereby compromising DFE's highly coveted grocery-store aisle "real estate," which has required from DFE many decades of investment to build up. DFE has also expended significant resources in connection with the Re-Brand Plan, which was triggered by the PI Order, and stands to lose profits from the resulting disruption to its business.

40.    Defendants allege that DFE's activities in connection with the Re-Brand Designations (*i.e.*, the JUANTONIO'S-formative designations) likewise: (a) breach the Disputed Contract Provisions; and (b) violate the Disputed Lanham Act Provisions.

41.    Based on the foregoing, including, *inter alia*, Defendant's threat to take legal action against DFE, so as to subject DFE to a reasonable apprehension of injury in the event DFE

Page 13 – COMPLAINT FOR DECLARATORY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

continues with its Re-Brand Plan, an immediate, justiciable case or controversy exists between the Parties as to whether use of the Re-Brand Designations: (a) breaches the Consent Agreement; and/or (b) violates the Lanham Act in connection with Defendant's asserted rights in the Def. Designations.

42. In view of Defendant's threats and allegations, DFE needs and is entitled to a judicial declaration that the Re-Brand Plan and use of the Re-Brand Designations: (a) does not and will not breach the Consent Agreement; and (b) does not and will not violate the Lanham Act in connection with Defendant's asserted rights in the Def. Designations. Absent a declaration to this effect, Defendant will continue to wrongfully allege that DFE Offerings advertised or sold under Re-Brand Designations breach the Consent Agreement and violate Defendant's rights under the Lanham Agreement, thereby causing DFE irreparable injury and damage.

## V.    CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
**(Declaration of Non-Breach of Contract)**

43. DFE realleges and incorporates by reference each and every allegation stated above as if set forth fully herein.

44. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that DFE has not breached and is not breaching the Disputed Contractual Provisions in the Consent Agreement. A judicial declaration is therefore necessary and appropriate so that DFE may ascertain its right to implement the Re-Brand Plan and use Re-Brand Designations in connection with DFE Offerings in the manner set out in this Complaint.

Page 14 – COMPLAINT FOR DECLARATORY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

45.     DFE is consequently entitled to a declaratory judgment that its Re-Brand Plan and use of Re-Brand Designations in connection with DFE Offerings does not breach, either directly or indirectly, the Disputed Contractual Provisions within the Consent Agreement.

## SECOND CAUSE OF ACTION
### (Declaration of Non-Violation of the Lanham Act)

46.     DFE realleges and incorporates by reference each and every allegation stated above as if set forth fully herein.

47.     As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that DFE has not violated and is not violating the Disputed Lanham Act Provisions in the Consent Agreement. A judicial declaration is therefore necessary and appropriate so that DFE may ascertain its right to implement the Re-Brand Plan and use Re-Brand Designations in connection with DFE Offerings in the manner set out in this Complaint.

48.     DFE is consequently entitled to a declaratory judgment that, under the Lanham Act, its Re-Brand Plan and use of Re-Brand Designations in connection with DFE Offerings: (a) is not likely to cause consumer confusion and does not infringe, either directly or indirectly, any trademark rights of Defendant; (b) does not dilute, either directly or indirectly, any trademark rights of Defendant; and (c) does not constitute unfair competition and/or a false designation of origin.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dominguez Family Enterprises, Inc. respectfully requests that this Court enter judgment:

A.     Declaring that DFE has not breached and is not breaching, either directly or indirectly, any Disputed Contractual Provision within the Consent Agreement;

Page 15 – COMPLAINT FOR DECLARATORY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

B.  Declaring that DFE has not violated, and is not violating, either directly or indirectly, any Disputed Lanham Act Provisions;

C.  Restraining and enjoining Defendant and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them from alleging, representing, or otherwise stating that DFE's Re-Brand Plan and/or use of Re-Brand Designations breaches the Consent Agreement and/or violates the Lanham Act;

D.  Declaring DFE the prevailing party and this case as exceptional, and awarding DFE its reasonable attorneys' fees, pursuant to the Consent Agreement and/or 15 U.S.C. § 1117(a);

E.  Awarding DFE all fees, expenses, and costs associated with this DJA Action; and

F.  Awarding such other and further relief as this Court deems just and proper.

DATED this 2nd day of November, 2022.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiff*

By  s/ P. Andrew McStay, Jr.
P. Andrew McStay, Jr., OSB # 033997
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
Telephone: (503) 241-2300
Facsimile: (503) 778-5299
Email: andymcstay@dwt.com

Page 16 – COMPLAINT FOR DECLARATORY JUDGMENT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax